ANDREW MICHELS
*PRO SE IN FORMA PAUPERIS*

1701 Kalorama Rd., N.W #206
Washington, DC 20009
Telephone:  (323) 653-6263
Facsimile:  (323) 653-2281

IN *PRO SE*

**FILED**

DEC - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:07-cv-02199
Assigned To : Kennedy, Henry H.
Assign. Date : 12/5/2007
Description: PI/Malpractice

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**JURY ACTION**

| | | |
|---|---|---|
| ANDREW MICHELS | ) | CASE NO: |
| Plaintiff, | ) | **Jury Trial Demanded** |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| DYNCORP INTERNATIONAL, | ) | 1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| 3190 FairView Park Drive, Ste 350 | ) | |
| Falls Church, VA 22042 | ) | |
| Defendant. | ) | |

### JURISDICTION AND VENUE

1. This is an action for legal and equitable relief for wrongful termination in violation of public policy for reporting violations of the Foreign Corrupt Practices Act and refusing to accept, as a condition of employment, terms and conditions of employment that require conspiracy to engage in fraud and waste.

2. The jurisdiction of this Court is invoked pursuant to diversity of the Plaintiff and Defendant although Defendant has minimum contacts in Washington D.C., during business there on a regular and substantial basis. The matter in controversy exceeds the sum of Two Hundred Thousand Dollars, exclusive of interests and costs.

3. The unlawful employment practices herein alleged have been, and were being committed within the District of Columbia.

### PARTIES

4. Andrew Michels (hereinafter referred to as "Plaintiff" or "Mr. Michels") is formerly a DynCorp. International employee, currently residing in Washington D.C.

5. Defendant DynCorp International (hereinafter referred to as "Defendant" or "DynCorp") doing business in Washington D.C., with its corporate office in Falls Church Virginia.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of defendants agents were the agents of each of defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and ratified the acts of one another.

## STATEMENT OF FACTS

7. Plaintiff was employed as the Director of Peacekeeping and Humanitarian Affairs at DynCorp International, a NYSE listed company. DynCorp is one of two firms appointed by the United States Department of State in May 2003, to manage contracts awarded under the Peacekeeping/Capacity Enhancement/Surveillance Efforts (PCESE).

8. Since that time, Plaintiff has served as the designated Project Manager of the Program. Over the past several years, DynCorp has been awarded several tasks under this contract.

9. Plaintiff in an effort to comply with federal and foreign laws outlined waste, fraud, abuse and mismanagement concerning two DynCorp Projects; the Liberia Security Sector Reform and Sudan Security Sector Transformation.

10. With respect to Liberia Security Sector Reform, Plaintiff reported waste in relation to certain construction activities at the Barclay training Center and elsewhere in Liberia, resulting from serious mismanagement of the project, causing dozens of fraudulent change order and other needless modification and changes that resulted in the unnecessary expenditure of hundreds of thousands of dollars.

11. Plaintiff reported misuse of government furnished property, egregious over billing by certain personnel assigned to the projects, which billing was approved by management without review or validation, resulting in unjust enrichment to such personnel and the waste of hundred of thousands of program dollars.

12. After Plaintiff brought the aforementioned matters to the attention of Senior

DynCorp management, the matters were treated with reckless indifference and a failure to impose management remedies.

13. With respect to the Sudan Security Sector Transformation, Plaintiff reported DynCorp's reckless and intentional failure to obtain required visas for DynCorp employees, some of which had serious criminal records including felony convictions of crimes of violence and who happened to be the children of Senior Dyncorp officials.

14. The highly questionable billing practices in relation to claimed hours worked, and a request that Plaintiff conspire to illegally obtain Sudan visas, led Plaintiff to believe DynCorp's conduct was in violation of Foreign Corrupt Practices Act, as well as other foreign and United States laws.

15. After Plaintiff learned of, investigated and disclosed this misconduct to Senior DynCorp management and advised them that he intended to disclose the conduct to Government officials, Plaintiff was subjected to a thinly veiled threat and reminded that he worked for DynCorp, in an attempt to intimidate Plaintiff and his former colleague, Sean McFate.

16. Plaintiff remained in the employ of DynCorp International after the threat, but having raised the above issues with DynCorp management, Plaintiff was ordered as a condition of his employment to cease contact with the Government and ignore his obligation to report illegality to the Department of State. Plaintiff refused to engage in such conduct as a condition of employment. Plaintiff, having exhausted all potential internal administrative remedies with his chain of command, was terminated on December 5, 2006.

### FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

17. Plaintiff refers to and, by such reference, incorporates herein, as though again fully set forth herein, each an every allegation contained in paragraphs 1 through 16 above.

18. Plaintiff was employed as the Director of Peacekeeping and Humanitarian Affairs at DynCorp International, a NYSE listed company. DynCorp is one of two firms appointed by the United States Department of State in May 2003, to manage contracts awarded

3

1. under the Peacekeeping/Capacity Enhancement/Surveillance Efforts (PCESE).

2. 19. Since that time, Plaintiff has served as the designated Project Manager of the Program. Over the past several years, DynCorp has been awarded several tasks under this contract.

3. 20. Plaintiff in an effort to comply with federal and foreign laws outlined waste, fraud, abuse and mismanagement concerning two DynCorp Projects; the Liberia Security Sector Reform and Sudan Security Sector Transformation.

4. 21. With respect to Liberia Security Sector Reform, Plaintiff reported waste in relation to certain construction activities at the Barclay training Center and elsewhere in Liberia, resulting from serious mismanagement of the project, causing dozens of fraudulent change order and other needless modification and changes that resulted in the unnecessary expenditure of hundreds of thousands of dollars.

5. 22. Plaintiff reported misuse of government furnished property, egregious over billing by certain personnel assigned to the projects, which billing was approved by management without review or validation, resulting in unjust enrichment to such personnel and the waste of hundred of thousands of program dollars.

6. 23. After Plaintiff brought the aforementioned matters to the attention of Senior DynCorp management, the matters were treated with reckless indifference and a failure to impose management remedies.

7. 24. With respect to the Sudan Security Sector Transformation, Plaintiff reported DynCorp's reckless and intentional failure to obtain required visas for DynCorp employees, some of which had serious criminal records including felony convictions of crimes of violence and who happened to be the children of Senior Dyncorp officials.

8. 25. The highly questionable billing practices in relation to claimed hours worked, and a request that Plaintiff conspire to illegally obtain Sudan visas, led Plaintiff to believe DynCorp's conduct was in violation of Foreign Corrupt Practices Act, as well as other foreign and United States laws.

9. 26. After Plaintiff learned of, investigated and disclosed this misconduct to Senior

DynCorp management and advised them that he intended to disclose the conduct to Government officials, Plaintiff was subjected to a thinly veiled threat and reminded that he worked for DynCorp, in an attempt to intimidate Plaintiff and his former colleague, Sean McFate.

27. Plaintiff remained in the employ of DynCorp International after the threat, but having raised the above issues with DynCorp management, Plaintiff was ordered as a condition of his employment to cease contact with the Government and ignore his obligation to report illegality to the Department of State. Plaintiff refused to engage in such conduct as a condition of employment. Plaintiff, having exhausted all potential internal administrative remedies with his chain of command, was terminated on December 5, 2006.

28. As a direct and proximate result of defendant's unlawful conduct, plaintiff has suffered and will continue to suffer a loss of seniority, earnings and other employment benefits attendant to promotional opportunities. Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has injured in the mind and body. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for damages against Defendants and each of them as follows:

FIRST CAUSE OF ACTION

1. General and compensatory damages in the amount of $6,000,000.00;

2. For the costs of suit herein and for such other further relief as this court may deem proper; and

3. Plaintiff further requests a jury trial on all issues.

Dated: December 5, 2007

*Andrew Michaels*
ANDREW MICHAEL
IN PRO SE
1701 Kalorama Rd., N.W #26
Washington, DC 20009

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
ANDREW MICHELS

11001

**DEFENDANTS**
DYNCORP INTERNATIONAL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
IN PRO SE 1701 KALORAMA RD. N.W.
W.D.C. 20009

Case: 1:07-cv-02199
Assigned To : Kennedy, Henry H.
Assign. Date : 12/5/2007
Description: PI/Malpractice

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**⊙ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
(●) 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1346
Wrongful Termination in Violation of Public Policy. Plaintiff was terminated because he refused to violate law as a condition of employment.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 6,000,000.00    Check YES only if demanded in complaint
JURY DEMAND: YES (X) NO ☐

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   YES ☐   NO (X)   If yes, please complete related case form.

DATE 11/5/07   SIGNATURE OF ATTORNEY OF RECORD *Andrew Michaels*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.