**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MICHELS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:07-cv-02199 (HHK) |
| DYNCORP INTERNATIONAL, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant DynCorp International, LLC ("DI" or "the Company") submits this Reply Memorandum in Support of its Motion to Dismiss. On May 16, 2008, Plaintiff *pro se* Andrew Michels filed "Plaintiff's Declaration in Opposition to Motion to Dismiss," in which he swears, under oath, that he "never signed" the *pro se* Complaint that bears his purported signature in this action and, in fact, he has "never seen the Complaint allegedly filed in this action." Decl. ¶ 3. Nevertheless, Plaintiff "opposes" the Motion to Dismiss and asks the Court to grant him 60 days "to file an amended complaint." Decl. ¶ 7.

Defendant's Motion to Dismiss must be granted, as Plaintiff plainly fails to state a claim upon which relief may be granted. In his Declaration, Plaintiff fails to address a single argument made by DI in support of its Motion to Dismiss, and he wholly fails to explain how an "amendment" to the Complaint would save it from dismissal. Instead, Plaintiff merely asserts that his claims against DI are "substantial and substantiated by facts and evidence," Decl. ¶ 4, without ever identifying any such facts or evidence or, indeed, his actual "claims."

In the alternative, Defendant respectfully submits that the Court *must* strike the Complaint in accordance with Fed. R. Civ. P. 11(a), as Plaintiff has admitted, under oath, that he has not personally signed his allegedly "*pro se*" Complaint, and no attorney has entered an appearance in this action.[1]  Accordingly, there is no validly filed Complaint in this action for Plaintiff to even "amend."  Clearly, *someone* signed (and misspelled) Plaintiff's name on the Complaint and filed it with the Court.  Although we do not know who that person is, we do know that it was neither the Plaintiff nor a member of the Bar of this Court, as *required* by the Rules.

**ARGUMENT**

**I.    DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED AS PLAINTIFF HAS FAILED TO SUBSTANTIVELY RESPOND TO A SINGLE ARGUMENT MADE BY THE COMPANY**

In Defendant's Statement of Points and Authorities in Support of its Motion to Dismiss, the Company demonstrated that Plaintiff failed to state a claim upon which relief may be granted for wrongful discharge in violation of public policy.  Plaintiff's Declaration in opposition to Defendant's Motion provides absolutely no substantive basis to deny Defendant's Motion.

Instead, Plaintiff merely relies on vague assertions and legal conclusions in the Declaration to avoid dismissal.  In the *only* statement supporting the Complaint, Plaintiff states, in paragraph 4 of the Declaration, "My claims against Defendant DynCorp are substantial and substantiated by facts and evidence."  With absolutely no identification of such facts or evidence or, indeed, any indication of what his actual "claims" might be, the Complaint must be dismissed for the reasons set forth in Defendant's Motion.

---

[1] Until it received Plaintiff's Opposition, Defendant had no knowledge that Plaintiff did not personally sign the *pro se* Complaint.  The motion procedures set forth in Rule 11(c)(2) (for violations of Rule 11(b)) have no application to violations of Rule 11(a).  *See* Fed. R. Civ. P. 11(c)(2).

944595.1

**II.     IN THE ALTERNATIVE, THE COURT MUST STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 11(a), AS PLAINTIFF HAS ADMITTED UNDER OATH THAT HE DID NOT PERSONALLY SIGN THE "*PRO SE*" COMPLAINT**

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading … *must* be signed by at least one attorney of record in the attorney's name – or by a party *personally* if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). To reinforce this mandatory requirement, the Rule further mandates that "[t]he court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* (emphasis added).

The "Complaint for Damages" filed on December 5, 2007 bears the signature "Andrew Michael *in Pro Se*."[2] In his Declaration, however, Plaintiff swears, under oath, that he "never" signed" the *pro se* Complaint that bears his purported signature in this action and, in fact, he has "never" even "seen the Complaint allegedly filed in this action." Decl. ¶ 3.

In addition, although Plaintiff states in his Declaration that he is "represented by counsel," as he "retained the legal services of Robert M. Ball," a California attorney who allegedly "agreed to undertake representation in this matter, to seek admission before this Court *in pro hac vice* and file a complaint," Decl. ¶ 7, *neither Mr. Ball nor any other attorney has ever entered an appearance in this action.*[3]

---

[2] Defendant notes that the caption of the Complaint spells Plaintiff's name as "Michels," the signature is that of "Michaels," and the typed name in the signature block is "Michael." In his Declaration, Plaintiff spells his name "Michels," and cursory comparison of the signature on the Declaration with the signature on the "*pro se*" Complaint reveals that they are *obviously* different, even to a lay observer.

[3] Defendant does not know if, or suggest that, Mr. Ball actually signed Plaintiff's name or filed the Complaint. If he did, of course, such conduct would be violative of, *inter alia*, LCvR 5.1(e)(2), LCvR 11.1, and LCvR 83.2, and would possibly constitute the unauthorized practice of law under Rule 49 of the Rules of the District of Columbia Court of Appeals.

Despite the fact that Plaintiff has admitted actual knowledge that he did not "personally" sign his "*pro se*" Complaint, he has not "promptly corrected" the pleading. *See* Fed. R. Civ. P. 11(a). Accordingly, the Court is *required* to strike the Complaint under Rule 11(a).

In the Complaint, Plaintiff has made extremely serious and scandalous accusations of criminal misconduct by DI (the Foreign Corrupt Practices Act is a criminal anti-bribery statute). Where no attorney – or even the Plaintiff – is willing to sign the Complaint in accordance with Rule 11(a), thereby making the representations to the Court regarding inquiry and evidentiary support set forth in Rule 11(b), Defendant should simply not be required to expend fees and resources defending such outrageous claims. The Complaint must be stricken, and the case must be dismissed.

### III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT MUST BE DENIED BECAUSE THERE IS NO VALID COMPLAINT ON FILE TO "AMEND"

In paragraph 7 of his Declaration, Plaintiff seeks leave of Court "for 60 days to file an amended complaint." To the extent the Court construes this as a motion for leave to amend the complaint in lieu of dismissal, the Court must deny the request as there is no valid complaint on file to amend.

Under the Federal Rules, a civil action "is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. As Plaintiff did not personally sign the "*pro se*" Complaint, as required by Fed. R. Civ. P. 11(a), there is no valid complaint on file with the Court in this action, and this civil action has never actually "commenced." As there is nothing to "amend," the request must be denied.

In addition, this Court's Rules require that a motion for leave to file an amended pleading "shall be accompanied by an original of the proposed pleading as amended." LCvR 47(g). Plaintiff has provided no such proposed amended complaint – and he does not even hint as to

944595.1

4

what the proposed amendment would change in the Complaint.  There is, therefore, no basis to grant the motion, as it would be pure speculation as to whether the proposed amendment could cure the defects that require dismissal under Fed. R. Civ. P. 12(b)(6), as set forth in Defendant's Motion to Dimiss.

## CONCLUSION

DynCorp International, LLC has fully briefed the Court on the appropriate legal standards, and provided the authority upon which it relies in requesting dismissal of Plaintiff's Complaint.  Plaintiff's Declaration, conversely, is devoid of any substantive factual or legal arguments, and constitutes an admission that the Complaint was never validly filed in the first place.  For the foregoing reasons, Defendant DynCorp International, LLC respectfully requests that the Court grant its Motion and dismiss the Complaint, in its entirety, with prejudice, in accordance with Fed. R. Civ. P. 12(b)(6).

In the alternative, Defendant requests that the Court strike the Complaint pursuant to Fed. R. Civ. P. 11(a), deny Plaintiff's request for leave to amend his improperly filed complaint, and dismiss the action, without prejudice.

Dated: May 23, 2008                                   Respectfully submitted,

/s/ Henry A. Platt
Henry A. Platt (hplatt@saul.com)
D.C. Bar No. 425994
Saul Ewing LLP
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
Phone: (202) 333-8800
Fax: (202) 295-6776

*Attorneys for Defendant*
*DynCorp International, LLC*

944595.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant DynCorp International, LLC's Reply Memorandum in Support of its Motion to Dismiss* in the above-captioned matter was served by first class U.S. mail, postage prepaid, on May 23, 2008, addressed as follows:

**Robert M. Ball, Esq.**
8447 Wilshire Blvd., #100
Beverly Hills, CA  90211

**Andrew Michels**
2100 M Street, N.W. #170-186
Washington, D.C.  20037

**Andrew Michels**
1701 Kalorama Rd., N.W. #26
Washington, D.C.  20009

/s/ Henry A. Platt
Henry A. Platt

944595.1

1